CITY OF COLUMBUS, APPELLEE, *v.* GUY, APPELLANT.

(No. 80AP-458—Decided December 31, 1980.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Messrs. Lamkin & Vickery* and *Mr. William W. Lamkin,* for appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Municipal Court.

Defendant-appellant, Garth Guy, advances the following assignment of error:

"The trial court erred in finding defendant-appellant guilty of failing to file income tax returns with the City of Columbus for the year 1977, where there was no evidence of corpus delicti apart from the written confession of defendant-appellant."

Appellant was charged with violating Section 361.22(a) of the Columbus City Code, which reads, in part, as follows:

"Each taxpayer who engages in business, or whose salaries, wages, commissions and other compensation are subject to the tax imposed by this chapter shall, whether or not a tax be due thereon, make and file a return on or before April 15th of each year with the City Auditor * * * ."

It is apparent, however, from appellant's tax return that

he resides in Bexley rather than in Columbus. It is true that the Editor's Note of Chapter 880 of the Bexley City Code states:

"EDITOR'S NOTE: The City of Bexley contracts with the City of Columbus for collection of the Earned Income Tax. Copies of the latest relevant legislation may be obtained from the Clerk of Council."

Nevertheless, the pertinent provisions of the Bexley City Code, *i.e.,* Section 880.05(a), are identical, in relevant part, to Section 361.22(a) of the Columbus City Code. Appellant, a Bexley resident, would thus be subject to the jurisdiction of Bexley, rather than Columbus, in this case. Therefore, appellant cannot be properly charged with a violation of Section 361.22(a) of the Columbus City Code, since Bexley residents *who do not apparently earn income in Columbus* must be charged under the proper code (Section 880.05[a] of the Bexley City Code). Accordingly, appellant's assignment of error is well taken and sustained.

Whereupon, for the foregoing reasons, the judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.